UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MARK LESLIE HATFIELD                                             PLAINTIFF

CIVIL ACTION NO. 4:16-CV-P104-JHM

DAVIESS COUNTY DETENTION CENTER                                 DEFENDANT

**MEMORANDUM OPINION**

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Mark Leslie Hatfield leave to proceed *in forma pauperis*.  This

matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549

U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against the Daviess County Detention Center (DCDC).

In his complaint, Plaintiff states as follows:

> I am a pretrial detainee and I'm being denied my right to any legal books or aids.
> I filed a grievance regarding this issue and was told that due to the fact that I'm a
> county inmate they don't have to give me any legal resources that only state
> inmates are allowed to have access to these things.  However, that makes no
> sense.  A county inmate is fighting their case and is more likely to need to have
> access to legal books or resources then a state inmate who has already been
> sentenced and not only that but this is a county and state holding facility and yet
> they still don't give anyone access to any legal books or material.  I put in an
> appeal regarding this issue and it's been five months and it still has not been
> responded to.

As relief, Plaintiff seeks injunctive relief in the form of transfer "to a facility where [he

has] access to legal book" or to "get a legal book [at DCDC]."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

2

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  No Access to Legal Resources

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a First Amendment right of access to the courts, but it does not guarantee access to a prison law library. *Id.; Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). When an inmate claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, he fails to state a claim absent a showing of prejudice to any litigation. *Walker v. Mintzes*, 771 F.2d at 932. Thus, because Plaintiff has failed to allege that his lack of access to legal resources actually caused him injury, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.[1]

---

[1] The Court also considered whether Plaintiff's complaint could be construed as attempting to state an equal protection claim based upon his allegation that DCDC officials told him that only state inmates are allowed access to legal materials.  However, because Plaintiff clarifies in his complaint that neither state nor county inmates have

### B.  Grievance Procedure

To the extent that Plaintiff asserts a constitutional violation based upon DCDC's failure to respond to his grievance, the Court notes that there is no constitutionally protected due process right to an effective grievance procedure.  *See, e.g., Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002).  Thus, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### C.  Injunctive Relief

Finally, to the extent that Plaintiff seeks to be transferred to another facility where he could have access to legal materials, the Court finds that this claim must also be dismissed for failure to state a claim upon which relief may be granted because inmates do not have a constitutional right to placement in a particular prison facility.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) (holding inmate has no constitutional right to be transferred from one institution to another); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility).

### IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date:  December 22, 2016

cc:   Plaintiff, *pro se*
       Defendant
       Daviess County Attorney
4414.011

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

---

access to legal materials at DCDC, the Court concluded that his complaint could not be construed as attempting to state an equal protection claim against DCDC.